E-FILED
Tuesday, 16 June, 2026  01:19:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JEREMY MAXWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26-4049 |
| | ) | |
| L WHITAKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention

Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment

procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28

U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the

many truly impoverished litigants who, within the District Court's sound discretion, would

remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am.

Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in

forma pauperis* "at any time" if the action is frivolous, malicious, fails to state a claim, or seeks

monetary relief against a defendant who is immune from such relief, even if part of the filing fee

has been paid. 28 U.S.C. § 1915(e)(2)(B). This Court grants leave to proceed *in forma pauperis*

only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally

construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff appears to allege that TDF officials falsified an incident report written in 2021 and otherwise failed to investigate the incident. He alleges the falsification was kept secret until October 2025.

Plaintiff does not have a constitutional right for officials to investigate. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015). The Court is unclear as to what, if any, other constitutional violations Plaintiff is alleging. Any claims related to a 2021 incident report are likely barred by the statute of limitations. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) ("Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process.") (citation omitted); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). To the extent that the incident report has affected his confinement, those issues should be raised in his state court commitment proceedings. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for individuals challenging a fact or duration of confinement and seeking immediate or speedier release from custody).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he wrote to lawyers is not sufficient. *Balle v. Kennedy*, 73 F.4th 545, 559-60 (7th Cir. 2023); *Tackett v. Jess*, 853 F. App'x 11, 16-17 (7th Cir. 2021). Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Status (Doc. 7)**

Plaintiff's motion is granted. This Order addresses all pending issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion [4] is DENIED with leave to renew.**

3) **Plaintiff's Motion [7] is GRANTED.**

4) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 16th day of June, 2026.

_s/Sara Darrow_
SARA DARROW
UNITED STATES DISTRICT JUDGE